Megan E Ross (SBN 227776)
Megan@abramsonlabor.com
Ana Lupascu (SBN 349732)
Ana.L@abramsonlabor.com
**ABRAMSON LABOR GROUP**
1700 W. Burbank Boulevard
Burbank, California 91506
Tel: (213) 493-6300
Fax: (213) 382-4083

Attorneys for Plaintiff
ELEAZAR TORRES, individually
and on behalf of others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELEAZAR TORRES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEODIS LOGISTICS LLC, a Tennessee Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-01698<br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br>**(1) Violation of Cal. Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages)**<br>**(2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**<br>**(3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)**<br>**(4) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums)**<br>**(5) Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements)**<br>**(6) Violation of Cal. Labor Code §§ 201, 202 and 203 (Untimely Final Wages)**<br>*Continued to the next page.* |

**(7) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

**(8) Violation of Cal. Business & Professions Code § 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ELEAZAR TORRES ("Plaintiff"), individually and on behalf of all members of the general public similarly situated, and alleges as follows against Defendants GEODIS LOGISTICS LLC, and DOES 1 through 25, inclusive ("Defendants"):

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). This action is brought as a class action in which: (a) the proposed class consists of more than 100 members; (b) at least one member of the proposed class is a citizen of a state different from at least one Defendant; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).The proposed class includes "[a]ll current and former direct-hire hourly non-exempt employees of DEFENDANT during the Class Period through the present," which consists of well over 100 members.

2. Plaintiff is, and at all relevant times was, a citizen of the State of California.

3. Defendant GEODIS LOGISTICS, LLC is, and at all relevant times was, a limited liability company organized under the laws of the State of Tennessee, with its principal place of business in Brentwood, Tennessee.

4. For purposes of CAFA, an unincorporated association is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Accordingly, Defendant is a citizen of Tennessee.

5. Because Plaintiff is a citizen of California and Defendant is a citizen of Tennessee, minimal diversity exists under 28 U.S.C. § 1332(d)(2).

6. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, based on, inter alia, unpaid wages, premium pay, statutory penalties, unreimbursed business expenses, and attorneys' fees recoverable under applicable law.

7. Venue is proper in the United States District Court for the Central District

of California pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business within this District.

## THE PARTIES

8. At all times herein mentioned, Defendant GEODIS LOGISTICS, LLC was and is, an employer who does business in California, with locations throughout the state of California, and whose employees are engaged throughout the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to GEODIS LOGISTICS, LLC and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants represent and were in accordance with Defendants' official policies.

10. At all relevant times, Defendants were the employers of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

11. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff and the other class members' employment, and to supervise their daily employment activities.

12. Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

13. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

14. Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

15. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

17. Plaintiff worked for Defendants from approximately December 13, 2023, through approximately October 30, 2025, as an Operator. Defendants jointly and severally employed Plaintiff based in Redlands, California. Plaintiff also worked for Defendants at other locations during the course of his employment, including facilities located in Bloomington, California, and Fontana, California. Defendants maintained similar policies and practices across these locations.

18. Plaintiff is informed and believes, and thereon alleges that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the class members to work off-the-clock without compensation, failing to properly pay overtime wages and minimum wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses and failing to adhere to other related protections afforded by the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

19. Defendants knew or should have known that they had a duty to compensate

Plaintiff and the class pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendant's profits.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to FRCP 23. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

21. The proposed class is defined as follows:

**All current and former non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until final judgment.**

22. Plaintiff reserves the right to establish additional subclasses as appropriate.

23. There is a well-defined community of interest in the litigation and the Class is easily ascertainable.

24. The Class is so numerous that the individual joinder of all its members is impracticable. While the exact number and identities of class members are unknown to Plaintiff at this time, the exact numbers of class members and their identities can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

25. Common questions of fact and law exist as to all class members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

i. Whether Defendants had a policy and practice of failing to pay minimum

wages to Plaintiff and the other class members for all hours worked;

ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other class members for all overtime hours worked;

iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other class members;

iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other class members;

v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

vii. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

x. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

xi. Whether Defendants' conduct was willful or reckless;

xii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*.;

xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv. Whether Plaintiff and the other class members are entitled to compensatory

damages pursuant to the California Labor Code.

26. Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other class members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each class member.

28. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTIONS 1194, 1197, AND 1197.1

## Failure to Pay Minimum Wage

## (Against All Defendants and DOES 1 – 25)

29. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

30. California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other class members were frequently suffered or permitted to work “off-the-clock”, such that they were not paid minimum wage for all hours worked.

31. Such “off-the-clock” work that Plaintiff and class members were suffered and/or permitted to work, and for which Plaintiff and class members did not receive minimum wage include requiring Plaintiff and class members to remain on-site and under Defendants’ control while waiting in line to clock in, and/or to walk through Defendant’s premises to locate an available timekeeping device, which also often required waiting in line before clocking in, all of which constitutes compensable hours worked that Defendant failed to record and pay.

32. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other class members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

33. Defendants knew or should have known that Plaintiff and class members were performing such work “off-the-clock” because, among other things.

34. Defendants’ failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney’s fees.

35. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTIONS 510 AND 1198

**Unpaid Overtime**

**(Against All Defendants and DOES 1 – 25)**

36. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

37. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

38. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a workweek and/or the first eight (8) hours worked on the seventh consecutive day in a workweek.

39. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other class members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

40. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, forty (40) hours in a week, or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

41. Plaintiff and the other class members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week and/or seven (7) consecutive days in a workweek. However, Defendants did

not record Plaintiff and the other class members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other class members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under Labor Code sections 510 and 1198 and/or the applicable Wage Order; (b) when Defendants intentionally, willfully and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and class members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

42. Defendants' failure to pay Plaintiff and the other class members as outlined above violates California Labor Code sections 510 and 1198 and the applicable Wage Order and is therefore unlawful.

43. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## <u>THIRD CAUSE OF ACTION</u>

## VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

## Meal Break Violations

## (Against All Defendants and DOES 1 – 25)

44. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

45. California Labor Code sections 226.7 and 512(a) and the applicable Wage Order govern Plaintiff and the other class members' employment by Defendants.

46. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC

Order.

47. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

48. The applicable IWC Wage Order and California Labor Code section 512(a) further provides that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49. Plaintiff and the other class members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

50. Plaintiff and the other class members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes.

51. Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members for work performed during meal periods. This includes, among other things, requiring Plaintiff and class members to work through their lunch breaks, permitting and/or requiring Plaintiff and class members to take late lunch breaks,

permitting and/or requiring Plaintiff and class members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and class members during their lunch breaks, and failing to relieve Plaintiff and class members of all duties during their lunch breaks.

52. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable Wage Order.

53. Defendants' conduct therefore violates the applicable IWC Wage Order, and California Labor Code sections 226.7 and 512(a).

54. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided.

**<u>FOURTH CAUSE OF ACTION</u>**

**VIOLATION OF LABOR CODE SECTION 226.7**

**Rest Break Violations**

**(Against All Defendants and DOES 1 – 25)**

55. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

56. California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other class members' employment by Defendants.

57. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

58. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

59. Defendants routinely required Plaintiff and the other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

60. Moreover, Defendants willfully required, suffered and permitted Plaintiff and the other class members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other class members of all duties for ten (10) minutes as required for compliant rest breaks.

61. As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

62. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

63. Defendants had no policy and/or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other class members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Orders.

64. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday complaint rest period(s) were not provided.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 226(a)

## Failure to Provide Accurate Wage Statements

**(Against All Defendants and DOES 1 – 25)**

65. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

66. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, the failure to include correct rates of pay, and other omissions and inaccuracies apparent from the face of the wage statements. Accordingly, Defendants violated California Labor Code 226(a).

67. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

68. Specifically, Plaintiff and the other class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other class members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other class members were paid correctly and the extent

of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

69. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**Final Wages Not Timely Paid**

**(Against All Defendants and DOES 1 – 25)**

70. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

71. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72. California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty

(30) days.

73. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations and rest break violations), at the time that Plaintiff and the other class members' employment with Defendants ended, Defendants knowingly and willfully failed to pay Plaintiff and the other class members all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and class members as they became due, as required per California Labor Code sections 204.

74. As a result, Plaintiff and the other class members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

**<u>SEVENTH CAUSE OF ACTION</u>**

**VIOLATION OF LABOR CODE SECTIONS 2800 AND 2802**

**Failure to Reimburse Necessary Business Expenses**

**(Against All Defendants and DOES 1 – 25)**

75. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

76. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

77. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including, but not limited to safety equipment such as gloves and footwear.

78. Defendants intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other class members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE SECTIONS 17200 *ET. SEQ*.

## Unfair and Unlawful Business Practices

## (Against All Defendants and DOES 1 – 25)

79. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

80. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to Defendant's failure and refusal to pay overtime compensation, Defendant's failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses, and Defendants' failure to timely pay wages upon termination constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq*.

81. Defendants' violations of California wage and hour laws constitute an unfair and unlawful business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic

manner, to the detriment of Plaintiff and the other class members.

82. Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

83. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other class members' tenure at the expense of Plaintiff, the other class members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other class members.

84. Defendants' unfair and unlawful business practices entitle Plaintiff and the other class members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other class members the wages and other compensation unlawfully withheld from them. Plaintiff and the other class members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5. For general unpaid wages and such general and special damages as may be appropriate;

6. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

7. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

9. For liquidated damages pursuant to California Labor Code section 1194.2;

10. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

14. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

15. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

16. For all actual, consequential, and incidental losses and damages, according to proof;

17. For premium wages pursuant to California Labor Code section 226.7(c);

18. For pre-judgment interest on any unpaid wages from the date such amounts were due;

19. For reasonable attorneys' fees and costs of suit incurred herein;

20. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fourth Cause Action</u>**

21. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

22. For all actual, consequential, and incidental losses and damages, according to proof;

23. For premium wages pursuant to California Labor Code section 226.7(c);

24. For pre-judgment interest on any unpaid wages from the date such amounts were due;

25. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fifth Cause of Action</u>**

26. For actual, consequential and incidental losses and damages, according to proof;

27. For statutory penalties pursuant to California Labor Code section 226(e);

28. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

29. For such other and further relief as the Court may deem just and proper.

**<u>As to the Sixth Cause of Action</u>**

30. For all actual, consequential, and incidental losses and damages, according to proof;

31. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

32. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

33. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

34. For actual, consequential and incidental losses and damages, according to proof;

35. For the imposition of civil penalties and/or statutory penalties;

36. For punitive damages and/or exemplary damages according to proof at trial;

37. For reasonable attorneys' fees and costs of suit incurred herein; and

38. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

39. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

40. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq*.;

41. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

42. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq*.

///

///

///

///

///

DATED: April 7, 2026 **ABRAMSON LABOR GROUP**

By: ______________________________
Megan E. Ross

*Attorneys for Plaintiff*
ELEAZAR TORRES, *individually and on behalf of others similarly situated*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: April 7, 2026 **ABRAMSON LABOR GROUP**

By: ______________________________
Megan E. Ross

*Attorneys for Plaintiff*
ELEAZAR TORRES, *individually and on behalf of others similarly situated*